## WILLIAM GRIFFITH v. H. FRELLSEN & CO.

In all cases where the thing sold remains in possession of the seller, it is to be presumed that the sale is simulated; and with respect to third persons, the parties are bound to show its verity. C. C., 2456.

APPEAL from the District Court, Ninth District, Parish of Carrol, *Cooley*, J. *Shaw*, for plaintiff and appellant. *Muse*, for defendant.

VOORHIES, J. The defendants obtained a judgment against *William L.* and *Sarah A. Stewart*, in the parish of East Feliciana, the domicil of the latter, where the judgment was recorded on the 27th of February, 1852.

The plaintiff is appellant from a judgment dissolving an injunction sued out by him, in which he claimed to be the owner of certain slaves seized as the property of *Sarah A. Stewart* under an execution in that suit, directed to the Sheriff of the parish of Concordia.

The answer of the defendants to the injunction charges that the title set up by the plaintiff is simulated, fraudulent and collusive, and has never been legally recorded nor accompanied with the possession of the slaves in question.

The only evidence adduced on the trial by the plaintiff is a conveyance to him of the slaves in dispute from *Sarah A. Stewart*, by notarial act, executed on the 7th of January, 1842, in the parish of East Feliciana, the domicil of the contracting parties. It does not appear that this conveyance was ever recorded in any other parish than that of Pointe Coupée, and that, too, subsequent to the registry of the defendants' judgment. Neither does it appear that the plaintiff ever had the actual possession of the slaves.

In all cases where the thing sold remains in possession of the seller, it is to be presumed the sale is simulated, and with respect to third persons, the parties are bound to show its verity. C. C., 2456. We are therefore of opinion the injunction was properly dissolved, with damages.

It is therefore ordered and decreed, that the judgment of the court below be affirmed, with costs.